**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 25-cv-00622-NYW-CYC

HOUSEKEYS ACTION NETWORK DENVER,
CHRISTOPHER HAWORTH,
CHRISTOPHER WENDLING,
MINDY POLSON,
ANDREA TANAS,
LINDSEY TORRES,
JOSEPH WILLIAMS,

Plaintiff,

v.

CITY AND COUNTY OF DENVER, COLORADO,

Defendants.

---

**DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT**

---

Defendant City and County of Denver ("Denver" or "Defendant"), by and through its attorneys, answers Plaintiffs' Complaint (Doc 1) as follows:

## INTRODUCTION

1. Defendant denies the truth of the allegations set forth in ¶ 1 of the Complaint, except to deny knowledge or information sufficient to form a belief as to the truth of the allegation concerning Plaintiffs' disabilities.

2. Defendant denies the truth of the allegations set forth in ¶ 2 of the Complaint.

3. Defendant denies knowledge or information sufficient to admit to reliability of the data supporting the statistics cited by Metro Denver Homeless Initiative in ¶ 3 of the Complaint but admits that Plaintiffs accurately quote the statistics from the cited reports.

4. Defendant denies the truth of the allegations set forth in ¶ 4 of the Complaint, except to admit that Denver's Five-Year Plan noted that 42% of all residents counted in the January 2020 point in time count self-reported a "disabling condition."

5-6. Defendant denies the truth of the allegations set forth in ¶¶ 5 and 6 of the Complaint.

7. Paragraph 7 sets forth the relief sought by Plaintiffs. Accordingly, no response is required. To the extent a response is required, Defendant denies the truth of the explicit and implicit allegations set forth in ¶ 7.

## JURISDICTION AND VENUE

8-12. Defendant admits to the truth of the allegations asserted in ¶¶ 8, 9, 10, 11 and 12 of the Complaint.

## PARTIES

13-20. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶¶ 13, 14, 15, 16, 17, 18, 19 and 20 of the Complaint.

21. Defendant denies the truth of the allegations set forth in ¶ 21 of the Complaint, except to admit that Denver receives federal funds primarily in the form of grants from the U.S. Department of Housing and Urban Development ("HUD") and that federal funds make up about 5% of HOST's 2025 projected budget.

## FACTUAL ALLEGATIONS

22-23. Defendant denies the truth of the allegations set forth ¶¶ 22-23 to the extent they allege that federal monies are a reliable source of funding in the future and notes that funds from the COVID-19 pandemic response have been discontinued by the United States Government, but

admit that in the past Denver has dedicated and expended its own funds and funds received from HUD to provide various housing related programs and services, including those that specifically provide shelter and shelter-based programs and services for houseless individuals. However, the continued source of federal funds is undetermined.

24. Defendant denies the allegation that the Department of Housing Stability ("HOST")'s Housing Stability and Homelessness Resolution Division "monitors non-public entities which contract with Defendant Denver to provide shelter and shelter-based services," and admits to the truth of the other allegations in ¶ 24 of the Complaint.

25. Defendant denies the truth of the allegations set forth in ¶ 25 of the Complaint to the extent it alleges that federal monies are a reliable source of funding in the future.

26. Defendant admits to the truth of the allegations set forth in ¶ 26 of the Complaint.

27. Defendant denies that "[t]aken together, these entities make up the core housing component of Denver's Shelter System," and admits to the truth of the other allegations in ¶ 27 of the Complaint.

28-29. Defendant admits to the truth of the allegations set forth in ¶¶ 28 and 29 of the Complaint.

30. Defendant denies the truth of the allegations set forth in ¶ 30 of the Complaint, except to admit that Denver Mayor Michael Johnston has directed initiatives to increase access to housing for the homeless.

31. Defendant denies the truth of the allegations set forth in ¶ 31 of the Complaint.

**Plaintiff Haworth has been discriminated against by shelters that Defendant Denver funds and supports.**

32. Defendant denies knowledge or information sufficient to form a belief as to the

truth of the allegations set forth in ¶ 32 of the Complaint.

33. Defendant denies the truth of the allegations set forth in ¶ 33 of the Complaint, except to deny knowledge or information sufficient to form a belief as to Plaintiff Hayworth experience at The Mission's Lawrence Street and 48th Avenue Shelters prior to 2023.

34. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶ 34 of the Complaint, except to admit that the Denver Rescue Mission was compliant with the Americans with Disabilities Act ("ADA").

35-36. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶¶ 35 and 36 of the Complaint. To the extent that a response is required, Defendant denies the truth of the allegations set forth in ¶¶ 35 and 36 of the Complaint.

37. Defendant denies the truth of the allegations set forth in ¶ 37 of the Complaint.

**Plaintiff Wendling was discriminated against by shelters that Defendant Denver funds and supports.**

38. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶ 38 of the Complaint. To the extent that a response is required, Defendant denies the truth of the allegations set forth in ¶ 38 of the Complaint.

39. Defendant denies the truth of the allegations set forth in ¶ 39 of the Complaint.

**Plaintiff Polson was discriminated against by shelters that Defendant Denver funds and supports.**

40-44. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶¶ 40, 41, 42, 43 and 44 of the Complaint. To the extent that a response is required, Defendant denies the truth of the allegations set forth in ¶¶ 40, 41, 42, 43 and 44 of the Complaint.

45. Defendant denies the truth of the allegations set forth in ¶ 45 of the Complaint.

**Plaintiff Andrea Tanas has been discriminated against by shelters that Defendant Denver funds and supports.**

46-48. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶¶ 46, 47 and 48 of the Complaint. To the extent that a response is required, Defendant denies the truth of the allegations set forth in ¶¶ 46, 47 and 48 of the Complaint.

49. Defendant denies the truth of the allegations set forth in ¶ 49 of the Complaint.

**Plaintiff Lindsey Torres has been discriminated against by shelters that Defendant Denver funds and supports.**

50-55. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶¶ 50, 51, 52, 53, 54 and 55 of the Complaint. To the extent that a response is required, Defendant denies the truth of the allegations set forth in ¶¶ 50, 51, 52, 53, 54 and 55 of the Complaint.

56. Defendant denies the truth of the allegations set forth in ¶ 56 of the Complaint.

**Plaintiff Joseph Williams has been discriminated by shelters to that Defendant Denver provides funding and support.**

57-61. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶¶ 57, 58, 59, 60 and 61 of the Complaint. To the extent that a response is required, Defendant denies the truth of the allegations set forth in ¶¶ 57, 58, 59, 60 and 61 of the Complaint.

62. Defendant denies the truth of the allegations set forth in ¶ 62 of the Complaint.

**<u>Plaintiff HAND has had its mission frustrated and resources diverted as a result of the actions of Defendant Denver.</u>**

63. Defendant denies the truth of the allegations set forth in ¶ 63 of the Complaint, except to deny knowledge or information sufficient to form a belief as to the services provided by HAND to unhoused individuals.

64-65. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶¶ 64 and 65 of the Complaint. To the extent that a response is required, Defendant denies the truth of the allegations set forth in ¶¶ 64 and 65 of the Complaint.

66. Defendant denies the truth of the allegations set forth in ¶ 66 of the Complaint.

**<u>Defendant Denver knows of, but has disregarded, the discrimination against Individual Plaintiffs and other houseless individuals by shelters that Defendant Denver funds and supports.</u>**

67. Defendant denies the truth of the allegations set forth in ¶ 67 of the Complaint.

68. Defendant denies the truth of the allegations set forth in ¶ 68 of the Complaint, except to admit that Plaintiffs cite excepts from the *Audit Report, Department of Housing Stability City Shelters, November, 2024.*

69-71. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶¶ 69, 70 and 71 of the Complaint. To the extent that a response is required, Defendant denies the truth of the allegations set forth in ¶¶ 69, 70 and 71 of the Complaint.

72-73. Defendant denies the truth of the allegations set forth in ¶¶ 72 and 73 of the Complaint.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### Violation of Section 504
### 29 U.S.C. §§ 794, *et seq*

74. In answer to ¶ 74, Defendant repeats, reiterates and realleges each and every answer made to ¶¶ 1 to 73 of the Complaint inclusive, with the same force and effect as though set forth herein once again at length.

75. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶ 75 of the Complaint. To the extent that a response is required, Defendant denies the truth of the allegations set forth in ¶ 75 of the Complaint.

76-79. Paragraphs 76, 77, 78 and 79 cite to federal regulations and make legal argument to which no response is required. To the extent that a response is required, Defendant denies the truth of the allegations set forth in ¶¶ 76, 77, 78 and 79 of the Complaint.

80. Defendant denies the truth of the allegations set forth in ¶ 80 in the Complaint.

81. Defendant denies the truth of the allegations set forth in ¶ 81 in the Complaint, except to admit that Denver contracted with the aforementioned shelters to provide services to the homeless.

82-91. Defendant denies the truth of the allegations set forth in ¶¶ 82, 83, 84, 85, 86, 87, 88, 89, 90 and 91 in the Complaint.

92. Paragraph 92 sets forth the relief sought by Plaintiffs. Accordingly, no response is required. To the extent a response is required, Defendant denies the truth of the allegations set forth in ¶ 92.

**SECOND CLAIM FOR RELIEF**
**Violation of Title II of the ADA**
**42 U.S.C. §§ 12131, *et seq.***

93. In answer to ¶ 93, Defendant repeats, reiterates and realleges each and every answer made to ¶¶ 1 to 92 of the Complaint inclusive, with the same force and effect as though set forth herein once again at length.

94. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶ 94 of the Complaint.

95. Denver denies knowledge or information sufficient to form a belief as to truth of the allegations set forth in ¶ 95 of the Complaint to the extent they allege that Plaintiffs herein are disabled but admit that Denver is a public entity subject to Title II of the ADA.

96. Defendant denies the truth of the allegations set forth in ¶ 96 of the Complaint, except to admit that Defendant contracts with shelters to provide shelter and other services to homeless individuals.

97-109. Defendant denies the truth of the allegations set forth in ¶¶ 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108 and 109 of the Complaint.

110. Paragraph 110 sets forth the relief sought by Plaintiffs. Accordingly, no response is required. To the extent a response is required, Defendant denies the truth of the allegations set forth in ¶ 110.

**THIRD CLAIM FOR RELIEF**
**Violation of the FHA**
**42 U.S.C. §§ 3601, *et seq.***

111. In answer to ¶ 111, Defendant repeats, reiterates and realleges each and every answer made to ¶¶ 1 to 110 of the Complaint inclusive, with the same force and effect as though

set forth herein once again at length.

112. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶ 112 of the Complaint.

113. Defendant denies the truth of the allegations set forth in ¶ 113 of the Complaint, except to admit that Denver contracted with the aforementioned shelters to provide services to the homeless.

114-127. Defendant denies the truth of the allegations set forth in ¶¶ 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126 and 127 of the Complaint.

128. Paragraph 128 sets forth the relief sought by Plaintiffs. Accordingly, no response is required. To the extent a response is required, Defendant denies the truth of the allegations set forth in ¶ 128.

**FOURTH CLAIM FOR RELIEF**
**Violation of the Colorado Anti-Discrimination Act (CADA)**
**Colo. Rev. Stat. §§ 24-34-802, *et seq.* (2024)**

129. In answer to ¶ 129, Defendant repeats, reiterates and realleges each and every answer made to ¶¶ 1 to 128 of the Complaint inclusive, with the same force and effect as though set forth herein once again at length.

130. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶ 130 of the Complaint.

131. Defendant admits to the truth of the allegations set forth in ¶ 131 of the Complaint.

132. Defendant denies the truth of the allegations set forth in ¶ 132 of the Complaint, except to admit that Defendant contracts with shelters to provide shelter and other services to

homeless individuals.

133-135. Defendant denies the truth of the allegations set forth in ¶¶ 133, 134 and 135 of the Complaint.

## PRAYER FOR RELIEF

136. Defendant denies the truth of the allegations set forth in Plaintiffs' PRAYER FOR RELIEF of the Complaint. Defendant denies Plaintiffs are entitled to any of the damages alleged or sought in the Complaint.

## GENERAL DENIAL

137. In addition to the specific responses asserted above, Defendant denies each and every other allegation contained in the Complaint not specifically admitted herein. Defendant further expressly denies the non-numbered titular characterizations throughout Plaintiffs' Complaint to the extent such are construed as allegations.

## DEFENSES

1. Plaintiffs fail to state a claim upon which relief can be granted.

2. Plaintiffs failed to mitigate their damages.

3. In all respects, Defendant acted in accordance with applicable legal authority in all actions or inactions associated with Plaintiffs, negating any claim of liability asserted by Plaintiffs against them.

4. Plaintiffs failed to show that Plaintiffs were qualified for participating in the service, program, and/or activity for which Plaintiffs are alleging they were denied.

5. Plaintiffs' damages, if any, were not proximately caused by the acts or omissions of Defendants.

6. Plaintiffs' damages, if any, are not of the nature and extent alleged.

7. Denver is not liable for any punitive damages pursuant to federal law in connection to this matter.

8. Some of the claims asserted by Plaintiffs are duplicative of one another and cannot be the basis for any duplicative recovery.

9. Plaintiffs' claims are untimely under the statute of limitations.

10. Defendants' policies, practices and customs were, at all relevant times, in conformance with established constitutional and statutory law with respect to all issues relevant to this action.

11. Defendant contests the availability of monetary or compensatory damages.

12. Compliance with Plaintiffs' requests would require a fundamental alteration in the nature of the program and/or impose an undue burden on Defendant.

13. Plaintiffs failed to show Plaintiffs are entitled to injunctive relief because Plaintiffs failed to show a substantial likelihood that plaintiffs will prevail on the merits, that Plaintiffs will suffer irreparable injury if the injunction is not issued, that the threatened injury to Plaintiffs outweighs the potential harm to defendant, and that the injunction, if issued, would not be adverse to the public interest.

14. Defendant took reasonable care to prevent and correct promptly any disability-based discriminatory behavior. Defendant has an effective policy against disability-based discrimination.

15. Plaintiffs unreasonably failed to fully take advantage of any preventative or corrective opportunities provided by Defendant in a timely manner.

16. Defendant is not liable because the action alleged was not taken by an official with final policy-making authority and/or the alleged injury was not the result of a municipal custom.

17. Defendant's actions were taken in good faith.

18. If Plaintiffs were harmed as alleged in the Complaint, such harms were the result of Plaintiffs' sole or contributory negligence and/or assumption of the risk.

19. The doctrines of waiver, estoppel, and/or laches equitably bar Plaintiffs from seeking some or all of the relief sought by the Complaint.

20. At all relevant times, Defendant maintained a sufficient number of ADA compliant units. Requiring Denver to construct such additional units would constitute a fundamental alteration to Denver's emergency shelter system and, thus, would impose an undue burden on the system.

21. Denver was not aware of the deficiencies in independent organizations services to individuals with disabilities and was not aware of any requests for reasonable accommodations. Pursuant to agreement with the agencies providing services, they were required to comply with all federal regulations and laws.

22. Denver was not deliberately indifferent to violations of the ADA, RA, FHA or state law by its contractors. At all times alleged in the Complaint, Denver was in compliance with the ADA, RA, FHA and state law, and denies it violated any provision of the ADA, RA, FHA and/or state law.

23. Denver provides reasonable program and service access under the ADA, RA, FHA and state law.

24. Denver asserts that Plaintiffs' claim of reasonable accommodations are fundamental alterations to its Homeless Strategy, which are not required under the ADA, RA, FHA and state law.

25. Denver is not required to take any action that would result in undue financial and administrative burdens.

26. Defendant had legitimate non-discriminatory reasons for each action and inaction Plaintiffs allege were discriminatory.

27. Plaintiffs did not seek any reasonable accommodation from Defendant.

28. Defendant was not aware of any request for a reasonable accommodation.

29. Defendant specifically reserves the right to amend this Answer to include additional defenses and affirmative defenses and/or delete defenses and affirmative defenses which have become applicable or non-applicable upon completion of additional discovery.

## JURY DEMAND

Defendant demands a trial by jury pursuant to Fed. R. Civ. P. 38.

**WHEREFORE**, Defendant, having fully answered the allegations of Plaintiffs' Complaint, respectfully requests that the Court dismiss it with prejudice; enter judgment in Defendant's favor and against Plaintiffs for attorney fees and costs; and grant such other and further relief as the Court deems just and proper.

DATED this 28th day of April 2025.

Respectfully submitted by,

*/s/ Bryan Kaufman*
Bryan Kaufman
Ashley M. Kelliher

Kevin P. McCaffrey
Denver City Attorney's Office
Civil Litigation Section
201 W. Colfax Ave., Dept. 1108
Denver, CO 80202
Telephone: 720-913-3100
Facsimile: 720-913-3155
E-mail: ashley.kelliher@denvergov.org
E-mail: kevin.mccaffrey@denvergov.org
E-mail: bryan.kaufman@denvergov.org
*Attorneys for Defendant City and County of Denver*

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of April 2025, the foregoing **DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT** was filed with the Clerk of the Court using the CM/ECF system, which will serve the following:

Cynthia Rice
Katherine Thorstad
Albert Elia
Disability Law United
cric@dlunited.org
aelia@dlunited.org
kthorstad@dlunitd.org

Andy McNulty
Mari Newman
Madeline Leibin
Newman McNulty, LLC
andy@newman-mcnulty.com
mari@newman-mcnulty.com
madeline@newman-mcnulty.com

Prianka Nair
Brooklyn Law School's
Disability & Civil Rights Clinic
prianka.nair@brooklaw.cdu

*s/ Michele Imes*
Denver City Attorney's Office